UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-111-RJC
(3:06-cr-16-RJC-CH-1)

| | |
|---|---|
| JUSTIN MATTHEW, | ) |
| Petitioner, | ) |
| vs. | ) ORDER |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** comes before the Court on Petitioner's Motion for Reconsideration. (Doc. No. 11).

### I. BACKGROUND

Petitioner pled guilty without a plea agreement to possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b), and to using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). He was sentenced to a total of 70 months' imprisonment.[1] See (3:06-cv-16, Doc. No. 54). The Fourth Circuit Court of Appeals affirmed. United States v. Matthew, 451 Fed. Appx. 296 (4th Cir. 2011).

Petitioner filed a *pro se* § 2255 Motion to Vacate that was docketed in the instant civil case in 2013. (Doc. No. 1). He argued, *inter alia*, that counsel was ineffective for failing to challenge the § 924(c) charge and that he did not "use" or "carry" a firearm in connection with a drug trafficking crime for purposes of § 924(c). (Doc. No. 1 at 5). The Court denied and dismissed the

---

[1] The Court filed an Amended Judgment to permit Petitioner to file a belated direct appeal following a successful § 2255 challenge, case number 3:08-cv-190-RJC.

1

petition with prejudice on October 8, 2015. <u>Matthew v. United States</u>, 2015 WL 13573975 (W.D.N.C. Oct. 8, 2015). The Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed Petitioner's appeal on March 2, 2016. <u>United States v. Matthew</u>, 635 Fed. Appx. 104 (4th Cir. 2016).

Petitioner filed the instant Motion for Reconsideration on April 10, 2018. He asks the Court to reconsider its October 8, 2015, Order pursuant to Rules 60(b)(4) and (5) of the Federal Rules of Civil Procedure because the judgment is void and its prospective application is inequitable. Alternatively, he asks the Court to "entertain an independent action" to relieve him from judgment under which he is imprisonment pursuant to Rule 60(d). (Doc. No. 1 at 1-2). He argues that he is "currently serving a sentence that would not be imposed today" because simple possession of drugs is not a predicate offense for purposes of 924(c), and mere presence of a firearm at the scene of a crime is insufficient to convict under 924(c). (Doc. No. 11 at 2).

**II. DISCUSSION**

**(1) Reconsideration**

Rule 60(b) provides permits a court to correct orders and provide relief from judgment under the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion must be made within a "reasonable time," and for reasons (1) through (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). The party moving for relief from judgment under Rule 60(b) bears the burden of showing timeliness. Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295 (4th Cir. 2017).

Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted). A movant must first show that he has moved in a timely fashion, that he has a meritorious defense to the judgment, that the opposing party would not be unfairly prejudiced by a set aside, and show exceptional circumstances. See Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011); Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984) (citing Compton, 608 F.2d at 102). If a petitioner satisfies these requirements, then he must show that his motion falls under one of the six grounds set forth in Rule 60(b). Werner, 731 F.2d at 207. Relief from judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to accomplish justice" in "situations involving extraordinary circumstances." Dowell v. State Farm Fire Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir.1993) (internal quotation marks and citation omitted). A change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(6). Id.

Where a petitioner seeks relief from a judgment under Rule 60(b) on grounds other than a clerical mistake, courts must treat such a motion as seeking successive post-conviction relief when failing to do so would allow the applicant to evade the bar against re-litigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application. United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (requiring district courts to review

3

Rule 60(b) motions to determine whether such motions are tantamount to a § 2255 motion); 28 U.S.C. § 2244(b)(3)(A) ("[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). As a general matter, "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." Winestock, 340 F.3d at 207.

As a preliminary matter, Petitioner's Rule 60(b) motion is insufficient insofar as he fails to demonstrate that it was filed within a reasonable time. Moreover, Petitioner identifies no deficiency in the § 2255 proceedings that have rendered the Order denying relief void or inequitable. Instead, he attacks the validity of his § 924(c) conviction and sentence on the grounds that his drug offense is not a predicate offense for purposes of 924(c), and that the mere presence of a firearm at the scene of a crime is insufficient to support a 924(c) conviction. These substantive arguments are § 2255 claims over which this Court lacks jurisdiction until Petitioner receives leave from the Fourth Circuit to file a second or successive § 2255 petition. See 28 U.S.C. § 2244(b)(3)(A); Winestock, 340 F.3d at 207.

Therefore, to the extent Petitioner's Motion for Reconsideration seeks relief under Rule 60(b), it is construed as an unauthorized second or successive § 2255 Motion to Vacate and is dismissed for lack of jurisdiction.

**(2)** **Independent Action**

Rule 60(d)(1) provides that courts may "entertain an independent action to relieve a party from a judgment, order or proceeding." An "independent action" refers to a procedure that has been historically known simply as an independent action in equity to obtain relief from a judgment.

4

Bankers Mortgage Co. v. United States, 423 F.2d 73, 78-79 (5th Cir. 1970). Independent actions are "reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of *res judicata*." United States v. Beggerly, 524 U.S. 38, 46 (1998) (quoting Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244 (1944)). An independent act in equity requires a petitioner to show: (1) the judgment "ought not in equity and good conscience" be enforce; (2) he had a "good" claim; (3) that "fraud, accident or mistake" prevented him from obtaining the benefit of his claim; (4) "the absence of fault or negligence" on his part; and (5) the absence of any adequate remedy at law. Great Coastal Exp., Inc. v. Int'l Bhd. of Teamsters, 675 F.2d 1349, 1358 (4th Cir. 1982). A party cannot use an independent action to re-litigate issues that were open to litigation in the former action where he had a fair opportunity to make his claim or defense. Sinesterra v. Roy, 347 Fed. Appx. 9, 10 (5th Cir. 2009). This requires a showing by the aggrieved party that "there was no opportunity to have the ground now relied upon to set aside the judgment fully litigated in the original action." Gleason v. Jandrucko, 860 F.2d 556, 560 (2d Cir. 1988).

Petitioner's request to open an independent action pursuant to Rule 60(d)(1) will be denied because he has failed to make any of the required showings to support such relief. The validity of Petitioner's § 924(c) conviction and sentence was amenable to challenge on direct appeal and via § 2255 collateral relief, both of which he pursued. He has failed to explain how fraud, accident, or mistake prevented him from obtaining relief, why he lacked a fair opportunity to raise his claims on direct appeal and § 2255 review, or how his remedies at law are unavailable.

Therefore, to the extent Petitioner's Motion for Reconsideration seeks an independent action pursuant to Rule 60(d)(1), it is denied.

### III. CONCLUSION

For the reasons stated herein, Petitioner's Motion for Reconsideration seeking relief pursuant to Rules 60(b) and (d) of the Federal Rules of Civil Procedure, is dismissed and denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion for Reconsideration, (Doc. No. 11), is **DISMISSED** and **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right); see also United States v. Ethridge, 664 Fed. Appx. 304 (4th Cir. 2016) (a defendant is required to obtain a certificate of appealazbility to appeal the denial of a Rule 60(b) motion that is not recharacterized as a § 2255 motion to vacate).

Signed: June 19, 2018

Robert J. Conrad, Jr.
United States District Judge